# MERILLAT *v.* HOOKER.

---

LIFE INSURANCE; FRAUDULENT CONVEYANCES.

Where the insured in a policy of life insurance in which his father was
named as the beneficiary, but which provided that the insured might
change the beneficiary on notice to the insurance company, during
his last illness requested his father to see that his mother received
the insurance money, to which the father consented, and a check for
the insurance from the insurance company, which had received no
notice of the change of beneficiary, received by the father after the
death of the insured, was delivered by him to the mother, the
creditors of the father have no claim against the proceeds of the
check, the case not being one of a voluntary conveyance in fraud
of creditors.

No. 1977. Submitted February 10, 1909. Decided April 6, 1909.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of replevin.                                *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit in replevin, originally brought by appellee, Sadie L. Hooker, before a justice of the peace, to recover possession of eight promissory notes for the sum of $33.34 each. Judgment for the return of the notes was rendered in favor of appellee, from which appellants, Charles H. Merillat and Mason N. Richardson, appealed to the supreme court of the District of Columbia, where the case was tried to a jury and a verdict was rendered in favor of appellee. From the judgment entered thereon, appellants have prosecuted this appeal.

It appears that in April, 1905, Lester M. Hooker, stepson of appellee, insured his life in the New York Life Insurance Company for the sum of $2,500. The policy designated his father, Mellen C. Hooker, as his beneficiary. The policy, among other things, contained the following provision: "Change of Beneficiary.—The insured may change the beneficiary at any time, and from time to time, provided this policy is not then assigned. * * * Every change, designation, or declaration must be made by written notice to the company at the home office, accompanied by this policy, and will take effect only when indorsed on this policy by the company."

In October, 1905, the insured was stricken with a disease requiring an immediate operation, which operation resulted in his death. In contemplation of probable death resulting from the operation, and stating that, in that event, he did not wish his mother to be left destitute, he gave to appellee the policy of insurance, requesting his father, who was present at the time of the delivery of the policy to appellee, to see that appellee received the proceeds therefrom, to which the father then and there consented. The insured died from the operation, and, upon proof of death, the insurance company sent a check to the father, Mellen C. Hooker, who, in accordance with the request of the

deceased son, turned the check over to appellee. With a portion of this money, the appellee invested in the notes here in question.

On March 27, 1906, a final decree was rendered in equity cause No. 24,084 in the supreme court of the District against Mellen C. Hooker, and the right and title to said decree, with authority to issue execution, was vested in appellants as trustees. Under an execution issued pursuant to said decree, the marshal of the District attached the eight promissory notes which the appellee, Sadie L. Hooker, seeks to recover. From the policy of insurance, a copy of which appears in the record, it appears that Mellen C. Hooker was named as beneficiary therein. No assignment or change of beneficiary appears upon the face of the policy. It further appears that no communication was made to the insurance company, either before or after the death of the insured, in respect to the gift or delivery of said policy to the appellee. At the time of the delivery of the policy by Lester M. Hooker to the appellee, equity cause No. 24,084 was pending, in which a large sum of money was claimed against Mellen C. Hooker, but no decree had been entered therein.

*Mr. Mason N. Richardson, Mr. Charles H. Merillat,* and *Mr. Charles S. Shreve, Jr.,* for the appellants.

*Mr. Wharton E. Lester* and *Mr. J. Clarence Price* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is not a case of voluntary conveyance in fraud of creditors. The law respecting such conveyances is well settled. Mellen C. Hooker could not have made a gift of the proceeds of this policy to his wife to defeat his creditors, either before or after suit brought by such creditors. But that is not this case. Here, all the interest Mellen C. Hooker ever had in the proceeds of the insurance policy was a mere expectancy, dependent upon

the death of the insured,—an interest which never matured, hence title to the fund never became vested in him. Lester M. Hooker, during his lifetime, had the absolute control of the policy, so far as designating a beneficiary. He could, under its terms, change the beneficiary, and, so long as the policy had not been assigned, it lay in the mouth of no one, except the insurance company, to object. No objection has been interposed by the company to the conveyance and delivery of the policy to appellee, and the creditors of Mellen C. Hooker, the original beneficiary named in the policy, cannot avail themselves of a rejected right belonging exclusively to the insurance company. Neither can they lay claim to a mere expectancy, of which Mellen C. Hooker was devested by the gift and delivery of the policy to appellee.

The fact that the proceeds of the policy were transmitted by the insurance company to Mellen C. Hooker, and turned over by him to the appellee, vested no title to the fund in him. Neither did any title pass from him to the appellee. The conditional title to the fund, vested in appellee by the gift of Lester M. Hooker, became absolute upon his death; and, had Mellen C. Hooker refused to turn the fund over to appellee, she could have enforced its delivery irrespective of any claim of his creditors.

The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*